**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21287

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Jenny Ceron, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Midland Credit Management, Inc., | |
| Defendant. | |

Plaintiff Jenny Ceron, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Midland Credit Management, Inc. as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Midland Credit Management, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Jenny Ceron ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland Credit Management, Inc. ("Defendant") is a company existing under the laws of the State of California, with its principal place of business in San Diego, California.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes various debts ("the alleged Debts").

16. The alleged Debts are alleged obligations of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. The alleged Debts do not arise from any business enterprise of Plaintiff.

18. The alleged Debts are "debts" as that term is defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendant, the alleged Debts were assigned or otherwise transferred to Defendant for collection.

20. At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default.

21. In its efforts to collect the alleged Debts, Defendant decided to contact Plaintiff by written correspondences.

22. Rather than preparing and mailing such written correspondences to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such services on its behalf.

23. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debts to the third-party vendor.

24. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debts, the entity to which Plaintiff allegedly owed the debts, among other things.

25. Defendant's conveyance of the information regarding the alleged Debts to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

26. The third-party vendor then populated some or all this information into prewritten templates, printed, and mailed the letters to Plaintiff at Defendant's direction.

27. Those four letters, of which one was dated December 10, 2020, and three were dated December 15, 2020, were received, and read by Plaintiff. (True and accurate copies of those collection letters (the "Letters") are annexed hereto as **Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4** respectively.")

28. The Letters, which conveyed information about the alleged Debt, are "communication" as that term is defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

29. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

30. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

31. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

32. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debts.

33. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

34. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debts or concerning Plaintiff's personal and/or confidential information.

4

35. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

36. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

37. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

38. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

39. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debts to the third-party vendor.

40. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

41. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

42. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

43. Defendant violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debts to the third-party vendor.

44. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

48. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

49. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

50. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

51. The alleged Debts are being collected by Midland Credit Management, Inc. on behalf of Midland Credit Management, Inc.

52. The Letters provide two specific settlement options, and a third customizable option."

53. The Letters then state, "To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-746-1462."

54. The Letters further state, "Option 2 is only available by calling 877-746-1462."

55. The Letters additionally state the same number for availing Option 3.

56. The Letters at the same time state, "Mail Payments to," followed by a PO Box address.

57. The Letters at one point state that Option 1 can be availed only online or by calling, while options 2 and 3 can only be availed by calling.

58. If that is true, then the Letters by providing a PO Box mailing address to send payments pursuant to the provided options confuses and misleads the consumers.

59. The least sophisticated consumer can reasonably believe that the options may be availed only online or by calling.

60. The least sophisticated consumer can reasonably believe that the options may be availed by sending payment to the PO Box address.

61. The least sophisticated consumer reading the Letters would be left to wonder about a material term of the offer.

62. As a result of the foregoing, in the eyes of the least sophisticated consumer the Letters are open to more than one reasonable interpretation, at least one of which is inaccurate.

63. Because the Letters are open to more than one reasonable interpretation by least sophisticated consumer, they violate 15 U.S.C. §§ 1692e and 1692e(10).

64. Because the Letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

65. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

66. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

67. Plaintiff seeks to certify a class of:

> i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date

    one year prior to the filing of this action to the present.

    ii. All consumers to whom Defendants sent a collection letter where it failed to clarify the exact method and medium of availing settlement options, which letter was sent on or after a date one year prior to the filing of this action to the present.

68. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

69. The Class consists of more than thirty-five persons.

70. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

71. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

72. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

73. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: July 19, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21287
*Attorneys for Plaintiff*